## CALVARY CHURCH vs. McKEE.

*Twelfth Judicial District Court, October,* 1857.

### CONSIDERATION.

**A.** executes and delivers to a church society a promissory note, on the representation, by a trustee, that the same can be credited upon the sum paid for pews. The trustee had no authority to make the representation, and the church never having adopted or confirmed it, would not have been bound thereby. *Held* that the promissory note was made without consideration, and therefore void.

The principal facts of this case are briefly as follows:

At a meeting of the members of Calvary Church, holden May 1, 1856, one of the trustees represented that the church was in want of

---

[*] See ante, p. 123.

funds, and donations were asked. Among others defendant executed a promissory note for $500, payable January 12th, 1857, with interest, and delivered the same to one of the trustees. It further appeared that the member making the announcement at the meeting in question, stated at the same time, that those persons who should make donations would be entitled, at the sale of pews, (to take place soon afterwards,) to credit these amounts in part payment for the same ; but no evidence was adduced to show that the trustee was authorized to make this assertion, or that the church ever adopted or confirmed it any manner, express or implied. On the 1st of August a public sale of pews was held, at which McKee became a purchaser, and paid a premium over and above the amount fixed by the trustees, and had taken possession of the pews.

This action is brought on the said note to recover the amount thereof. The case was tried before a jury, and a verdict given for plaintiffs. This is a motion for a new trial.

*W. K. Osborn*, for plaintiffs.

*J. D. Creigh*, for defendant.

Who, in support of the motion, argued,

*First*—That the note was but *nudum pactum*, citing, 3 *Bos. & Pull.*, 249 ; 7 *Johns*, 26 ; 16 *Johns*, 233 ; 18 *Johns*, 148 ; 1 *Comst.*, 582 ; 3 *Comst.*, 93, 107, 112 ; 11 *Mass.*, 19 ; 1 *Com. Dig.*, 24.

*Second*—That there was no contract on the part of the trustees to give, nor on that of McKee to take ; therefore the declarations of a trustee at a public meeting were void, referring to 2 *Barb.*, 565 ; 8 *Mass.*, 299 ; *Byles on Bills*, 95 ; and to support the general issue, cited 20 *Johns*, 288, and 24 *Wend.*, 97.

NORTON, J.—The defense in this action rely upon the point that the note which forms the foundation of plaintiffs' claim, was given without consideration, and that he is not therefore bound to pay it. It seems that McKee gave this note at the meeting of the congregation, and afterwards, at the sale of pews, became a purchaser for a considerably larger sum than the amount of this note. The question turns upon the point of the authority of the trustee, who stated that donations would be received in payment for pews, to make the announcement, and the

binding character, or otherwise, of the announcement upon the church. The trustee had not that authority, and his act in no way imposed an obligation upon the church, or on its legally constituted authorities, the board of trustees. These were not then obliged to comply with the terms of this announcement, and it does not appear that they have ever since ratified it. There was no mutuality in the contract. For the foregoing reasons the note was given without any legal consideration, and the plaintiffs are not entitled to recover. If McKee has purchased a pew, or pews, for which he is still indebted to the church, of course the trustees can recover from him the purchase money.

New trial granted.